IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | CASE NO. 4:09CR24 |
| v. | § | |
| | § | |
| DEMARCUS CORTEZ BATEMAN | § | |
| MAURYIO D. BUCKNER | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
**DENYING DEFENDANTS' MOTION TO SUPPRESS**

This matter having been referred by the Honorable Richard A. Schell, the Court has considered Defendants Demarcus Cortez Bateman and Mauryio D. Buckner's Motion to Suppress (Dkt. 37).[1] After considering the evidence presented and the arguments of counsel at the June 23, 2009 hearing, the Court finds that the motion should be DENIED as to both Defendants.

Defendants have asked the Court to supress all evidence seized as a result of a search by Lewisville, Texas police officers of a red Cadillac on or about January 21, 2009. According to the motion to suppress, Defendants were stopped for failure to signal lane change in the 1400 block of S. Interstate 35E northbound feeder road. Defendant Bateman was the driver, and Defendant Buckner was a front seat passenger. After Bateman was taken into custody for failing to signal a lane change, police officers conducted a search of the vehicle and discovered a large quantity of bulk U.S. currency. After the currency was discovered, Bateman was taken into custody for further investigation and transported to the Lewisville Police Department. After transport, a K-9 unit

---

[1]Defendant Buckner originally filed the motion to suppress. On May 20, 2009, Judge Schell granted Defendant Bateman leave to join in the motion. *See* Dkt. 43.

1

discovered additional currency inside a jacket on the floorboard of the car. According to Defendant, Bateman did not consent to the initial search of the vehicle at the time of the traffic stop. Defendants argue that the search was conducted in violation of their Fourth Amendment rights and that the evidence should therefore be excluded.

The Government argues that the search of the vehicle was permissible because it was based on probable cause. The Government further argues that consent was given to search the vehicle, therefore the Court need not even reach the probable cause analysis to deny the motion to suppress.

### EVIDENCE PRESENTED

At the hearing, the Government offered testimony of Officer Chris Frosch, an officer with the Rowlett Police Department who is on the DEA task force and conducts narcotics investigations. Frosch testified that he participated in a wiretap investigation which recorded negotiations between a confidential source and Defendant Bateman regarding the purchase of marijuana. Pursuant to information obtained during those negotiations, Frosch testified that he notified the Lewisville Police Department regarding an arranged sale between Defendant and the confidential source. Frosch said he notified the Lewisville Police Department that, according to the information gathered during the investigation, Defendant would be in a red Cadillac. Frosch conceded that there were no recorded conversations between Buckner and the confidential source. While Frosch was not present during the traffic stop or search of the vehicle, he testified that the stop resulted in the discovery of more than $64,000 in currency. Frosch testified that based on the information learned during the recorded conversations and from the confidential source, he believes there was probable cause to believe that there would be evidence of criminal activity in the red Cadillac.

Frosch's testimony was corroborated by Agent Richard Martinez with the DEA who testified that he assisted in the surveillance of Defendant Bateman. Martinez stated that officers received information that Defendant Bateman would arrive in a red Cadillac for the drug transaction with the confidential source. Martinez testified that while he had not been the "handler" of the confidential source in the past, his department had used the confidential source in the past and believed him to be reliable.

The Court also heard testimony from the Lewisville Police officer who conducted the traffic stop, Jessie Hunter. Officer Hunter testified that he received information from DEA investigators regarding the suspected contents of a red Cadillac and that he was asked to stop the vehicle for that reason. Officer Hunter testified that in light of the information received from the DEA investigators, he believed that there was probable cause to conduct the traffic stop and search the vehicle.

All three witnesses independently stated that the stop and search of the vehicle was a "wall off stop." According to Agent Martinez, a "wall off stop" is a stop conducted in a manner to protect the integrity of an ongoing investigation and to limit the exposure of a confidential source. According to the witnesses, in this case, Defendants were told that they were being stopped for failure to signal lane change to protect the safety of the confidential informant, but the reason for the stop was based on the information received from the confidential source – as part of the ongoing investigation – regarding the contents of the red Cadillac.

In addition to the testimony offered, the Government offered a portion of the recorded conversation between Bateman and the confidential source, several photographs of the currency seized, and portions of the videotape of the traffic stop. Defendants called no witnesses.

## ANALYSIS

Defendants rely on the recent Supreme Court case *Arizona v. Gant*, 129 S. Ct. 1710, 173 L. Ed.2d 485 (April 21, 2009) to argue that the evidence must be suppressed. In that case, the Court held:

> Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest.

*Id*. at 1723. However, the Court continues by noting that "a search of an arrestee's vehicle will be unreasonable *unless* police obtain a warrant *or show that another exception to the warrant requirement applies*." *Id.* at 1723-24 (emphasis added). One of such exception to the warrant requirement – as noted in the *Gant* opinion – is set forth in *United States v. Ross*, 456 U.S. 798, 820-21, 102 S. Ct. 2157, 72 L. Ed. 2d 572 (1982). The *Ross* case outlines the probable cause exception for warrantless searches, authorizing a search of any area of a vehicle in which evidence may be found if there is probable cause to believe a vehicle contains evidence of criminal activity. *Id.* As explained by the *Gant* Court, when there is probable cause, "*Ross* allows searches for evidence relevant to offenses other than the offenses of arrest, and the scope of the search is broader." *Gant*, 129 S. Ct. 1720.

As stated at the hearing, having heard all of the evidence presented, the Court finds that *Ross* applies to these facts. The Cadillac was searched after information from wiretaps and a confidential source – who had past indicia of reliability – indicated that the vehicle would contain evidence of a drug transaction. And, having heard the testimony of the witnesses, the Court finds that the totality of the facts presented indicated that the "wall off stop" here was

4

made with probable cause.

The Court notes that it appears from the videotape of the stop that Defendants did fail to signal a lane change, however, under the *Gant* decision, if that were the only reason for the stop, then the Court agrees that the officers had no grounds to search the entire vehicle. But, because the officers here believed there was probable cause to find that there was evidence of criminal activity in the car – having received such information from the individuals on the DEA investigation team – the search was lawful.

The Court notes that having reviewed the videotape of the stop several times, it cannot determine whether Defendant gave consent to search the vehicle, as alleged by the Government. Therefore, the Court declines to address consent as a basis to deny the motion to suppress. Nonetheless, the *Ross* probable cause exception authorized the search of the vehicle.

In light of all the evidence presented and the governing authorities, the Court finds there is no basis to suppress the discovery of the currency, and that Defendants Demarcus Cortez Bateman and Mauryio D. Buckner's Motion to Suppress (Dkt. 37) should be DENIED.

Any party may serve and file written objections to the findings and recommendations of the magistrate judge on or before Thursday July 2, 2009.[2]

Failure to file written objections to the proposed findings and recommendations contained in this report by the deadline shall bar an aggrieved party from *de novo* review by

---

[2] At the June 23, 2009 hearing, all parties agreed to shorten the statutory 10-day time period to object.

the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 25th day of June, 2009.**

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE